ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **ANGELIRA GONZÁLEZ TORRES**<br>DEMANDANTE(S)-RECURRIDA(S)<br><br>V.<br><br>**ISRAEL GALARZA VEGA**<br>DEMANDADA(S)-PETICIONARIAS(S) | **KLCE202300251** | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **PONCE**<br><br>Querella Núm.<br>**PO2022RF00092** (405)<br><br>Sobre:<br>Divorcio-Ruptura Irreparable (Alimentos) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

*Barresi Ramos*, juez ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 23 de febrero de 2024.

Comparece ante este Tribunal de Apelaciones, el señor **ISRAEL GALARZA VEGA** (señor **GALARZA VEGA**) mediante un *Certiorari Civil* instado el 15 de marzo de 2023. En su recurso, nos solicita que revisemos la *Resolución* dictaminada el 27 de febrero de 2023 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI).[1] Mediante la referida determinación, el foro de instancia ordenó, entre otras cosas, que las cuentas de los servicios de acueductos y energía eléctrica de la propiedad sita en la Urb. San Francisco en Yauco, Puerto Rico, continuaran a nombre del señor **GALARZA VEGA**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

## - I -

El 7 de febrero de 2022, la señora **ANGELIRA GONZÁLEZ TORRES** (señora **GONZÁLEZ TORRES**) entabló una *Demanda* sobre divorcio por la causal de

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 1 de marzo de 2023. Véase Apéndice del *Certiorari Civil*, pág. 43.

ruptura irreparable.[2] En sus alegaciones, solicitó la custodia del hijo menor de edad D.J.G.G. procreado junto al señor **GALARZA VEGA**, y el caso fuese referido a la Examinadora de Pensiones Alimentarias (Examinadora) para la fijación de una pensión alimentaria. En consonancia, el 23 de febrero de 2022, la señora **GONZÁLEZ TORRES** sometió la correspondiente *Planilla de Información Personal y Económica* (PIPE) en la cual detalló, bajo juramento, las circunstancias de su situación económica (ingresos y/o salario) y los gastos mensuales.[3]

Al siguiente día, el 24 de febrero de 2022, el señor **GALARZA VEGA** presentó su *Contestación a la Demanda* conteniendo una *Reconvención*. Adicionalmente, ese día, se celebró una audiencia ante la Examinadora. Conforme surge del *Acta-Informe Nunc Pro Tunc* suscrito el 24 de febrero de 2022 por la Examinadora se recomendó una pensión alimentaria provisional de $1,093.50 mensuales.[4] Dicha obligación alimentaria debía satisfacerse: $365.80 a ser depositados en una cuenta bancaria perteneciente a la señora **GONZÁLEZ TORRES**, y los restantes $727.70 a ser retenido por el señor **GALARZA VEGA** para los pagos: (i) $434.20 directamente al acreedor hipotecario que gravaba la propiedad donde residía el menor junto a la señora **GONZÁLEZ TORRES**; (ii) $113.50 para el pago de los servicios de acueductos y energía eléctrica de la referida propiedad; (iii) $100.00 destinados al pago del servicio de celular del menor y, (iv) $80.00 para el pago del tratamiento de ortodoncia del menor. El *Acta-Informe Nunc Pro Tunc* fue acogido por el foro primario mediante *Resolución* decretada el 2 de marzo de 2022.[5]

---

[2] Véase Apéndice del *Certiorari Civil*, págs. 1- 2.

[3] *Íd.*, págs. 3- 8. Cabe señalar que, como parte de los gastos y necesidades de la familia, se incluyeron los servicios de acueductos y energía eléctrica de la propiedad en la cual residían tanto el menor como la señora **GONZÁLEZ TORRES**.

[4] La *Acta-Informe* fue notificada el 1 de marzo de 2022. Véase entrada número 40 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC). No obstante, la misma fue enmendada, así como notificada y archivada en autos el 8 de marzo de 2023. La enmienda fue realizada a los fines de corregir la cuantía de la hipoteca, la cantidad que retendría el señor **GALARZA VEGA** para los servicios de acueductos y energía eléctrica, y la cantidad a depositar en la cuenta de la señora **GONZÁLEZ TORRES**. Véase Apéndice del *Certiorari Civil*, págs. 9- 10.

[5] El 8 de marzo de 2022, la *Resolución* fue enmendada *nunc pro tunc* siendo notificada y archivada en autos el 9 de marzo de 2022. Véase Apéndice del *Certiorari Civil*, pág. 11.

Posteriormente, el 5 de abril de 2022, el señor **GALARZA VEGA** presentó *Moción Urgente en Solicitud de Remedio*.[6] En lo aquí pertinente, argumentó que la responsabilidad de pagar la pensión alimentaria no incluía que las utilidades de acueductos y energía eléctrica se mantuviesen bajo su nombre. A esos efectos, alegó que lo correcto sería que continuara pagando las partidas que formaban parte de la pensión alimentaria directamente a la señora **GONZÁLEZ TORRES**, por lo que solicitó una orden para que esta cambiara los referidos servicios a nombre de esta última. El 6 de abril de 2022, el tribunal recurrido dictó *Orden* en la cual concedió un término de quince (15) días a la señora **GONZÁLEZ TORRES** para que expusiera su posición.[7] Empero, la señora **GONZÁLEZ TORRES** no compareció. Ante el término vencido, el 22 de abril de 2022, el señor **GALARZA VEGA** presentó una *Moción Urgente para que se Dé por Sometida Sin Oposición "Moción Urgente en Solicitud de Remedios"*.[8] El 25 de abril de 2022, el foro de instancia emitió *Orden* concediéndole un término final de cinco (5) días a la señora **GONZÁLEZ TORRES**.[9]

El 26 de abril de 2022, la señora **GONZÁLEZ TORRES** presentó su *Moción en Cumplimiento de Orden*.[10] Se limitó a expresar que el petitorio del señor **GALARZA VEGA** "es una interpretación de la parte demandada carente de criterios que lo justifiquen".[11] Ese mismo día, el señor **GALARZA VEGA** presentó *Moción Urgente para que se Resu[e]lvan Asuntos Pendientes en Cuanto a "Moción Urgente en Solicitud de Remedios"* en la cual reiteró su reclamación para que se cambiara los servicios de acueductos y energía eléctrica a nombre de la señora **GONZÁLEZ TORRES**.[12]

---

[6] Véase Apéndice del *Certiorari Civil*, págs. 12- 23.
[7] *Íd.*, pág. 24.
[8] *Íd.*, pág. 25.
[9] *Íd.*, pág. 26.
[10] *Íd.*, págs. 27- 30.
[11] *Íd.*, pág. 28.
[12] *Íd.*, 31- 33.

Así las cosas, el 27 de abril de 2022, se pronunció *Orden* pautando una audiencia para el 13 de mayo de 2022.[13] Durante la celebración de la misma, entre otras cosas, el tribunal informó que el asunto de los servicios de acueductos y energía eléctrica se dispondría mediante escrito.[14] Después, el 17 de octubre de 2022, se celebró otra audiencia en la cual se hizo mención que aún estaba pendiente el asunto de las utilidades y el tribunal quedó de revisar el expediente judicial para disponer las cuestiones irresueltas.[15] El 22 de febrero de 2023, el señor GALARZA VEGA presentó *Moción para que se Resuelvan Asuntos Pendientes*, requiriendo por tercera ocasión que se atendiera el asunto de las utilidades.[16]

Finalmente, el 27 de febrero de 2023, el tribunal de instancia intimó la *Resolución* recurrida, disponiendo como sigue:

> A tenor con las controversias sobre las cuentas de agua y luz el Tribunal dispone que las mismas sigan a nombre del demandado. No obstante, se le advierte a la parte demandante que debe cumplir con su parte en el pago de las referidas cuentas. Véase la Resolución Nunc Pro Tunc del 8 de marzo del 2022, sobre el pago de los servicios de agua y luz correspondientes al menor.[17]

Inconforme, el 6 de marzo de 2023, el señor GALARZA VEGA presentó *Moción Urgente en Solicitud de Reconsideración*.[18] A grandes rasgos, sostuvo que conforme a la definición de alimentos tanto en el Código Civil de Puerto Rico, como en la Ley Núm. 5 de 30 de diciembre de 1986, conocida como la *Ley Orgánica de la Administración para el Sustento de Menores*, no se incluía que el(la) alimentante tuviese que mantener los servicios de las utilidades de la propiedad en la cual ya no residía a su nombre. Alegó que su única obligación era continuar pagando el gasto de dichos servicios, más que los mismos debían estar a nombre de quien residía en la propiedad. El 8 de

---

[13] El señalamiento fue notificado el 28 de abril de 2022. Véase Apéndice del *Certiorari Civil*, pág. 34.
[14] *Íd.*, págs. 35- 36.
[15] *Íd.*, págs. 37- 40.
[16] *Íd.*, págs. 41- 42.
[17] *Íd.*, pág. 43.
[18] *Íd.*, págs. 44- 47.

marzo de 2023, se emitió *Resolución* declarando no ha lugar la antedicha reconsideración.[19]

Insatisfecho aún con tal proceder, el 15 de marzo de 2023, el señor GALARZA VEGA recurrió ante este foro revisor señalando el siguiente error:

> Erró el TPI al dictaminar que las cuentas de luz y agua de la residencia de la recurrida deben permanecer a nombre del peticionario no habiendo disposición legal alguna que lo obligue a ello.

El 17 de marzo de 2023, intimamos *Resolución* en la cual, entre otras cosas, concedimos un plazo de diez (10) días para mostrar causa por la cual no debamos expedir el auto de *Certiorari* y revocar el dictamen impugnado a la señora GONZÁLEZ TORRES. Al día de hoy, **no** ha comparecido la señora GONZÁLEZ TORRES.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de resolver. Puntualizamos las normas de derecho pertinentes a las (s) controversia(s) planteada(s).

- II -

- A -

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[20] Por lo que, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[21]

Los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. Si un tribunal se percata que carece de *jurisdicción*, así tiene que declararlo y desestimar el caso.[22]

---

[19] Véase Apéndice del *Certiorari Civil*, pág. 48.
[20] *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).
[21] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).
[22] *FCPR v. ELA et al.*, supra; *Cobra Acquisitions v. Mun. Yabucoa et al.*, supra; *Allied Mgmt. Group v. Oriental Bank*, supra, págs. 366- 367.

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* trae consigo las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[23]

Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[24]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[25] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[26]

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[27] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en

---

[23] *MCS Advantage v. Fossas Blanco et al.*, 2023 TSPR 08, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, supra, pág. 395; *Beltrán Cintrón v. ELA*, 204 DPR 89, 101-102 (2020).

[24] *Allied Mgmt. Group v. Oriental Bank*, supra; *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 501 (2019).

[25] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

[26] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra.

[27] *Ramos, Méndez v. García*, 203 DPR 379, 393-394 (2019).

académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[28]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[29]

La Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones dispone en lo pertinente que: "Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:  [  ]...(5) que el recurso se ha convertido en académico".[30] Una vez un tribunal determina que no tiene *jurisdicción*, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".[31] Ello sin entrar en los méritos de la controversia ante sí.

### - III -

Hemos evaluado nuestro legajo, así como el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del cual surge: en primer lugar, el 12 de abril de 2023, la señora **GONZÁLEZ TORRES** presentó *Urgente Moción Informativa sobre Cambio de Custodia* en la cual hizo constar que el día anterior, libre y voluntariamente, cedió la custodia del menor D.J.G.G. al señor **GALARZA VEGA**.[32] Es decir, que, desde el 11 de abril de 2023, el señor **GALARZA VEGA** ostenta la custodia de su hijo. En segundo lugar, en la misma fecha, el señor **GALARZA VEGA** presentó *Moción sobre Medida*

---

[28] *Íd.*

[29] *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014).

[30] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

[31] *Allied Mgmt Group v. Oriental Bank*, supra, pág. 385.

[32] Véase entrada número 263 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

*Provisional en Torno al Divorcio y en Solicitud de Designación de Hogar Seguro* en la cual expuso que el inmueble había sido adquirido de manera privativa, y solicitó se designara el mismo como hogar seguro en beneficio del menor.[33]

Tras varias incidencias procesales, el 19 de julio de 2023, el tribunal recurrido intimó *Sentencia* en la cual se declaró con lugar la *Demanda,* así como decretando roto y disuelto el vínculo matrimonial. Adicionalmente, el foro *a quo* dispuso lo siguiente:

> Se designa como hogar seguro la propiedad que ubica en la Urbanización San Francisco I, N[ú]mero 80 San Miguel, Yauco, Puerto Rico. La demandante tendrá el término [de] noventa (90) días para desalojar la propiedad[,] contados a partir de que [la] presente Sentencia advenga final y firme.[34]

Ulteriormente, el 20 de octubre de 2023, la señora **GONZÁLEZ TORRES** presentó escrito en la cual informó que el 14 de octubre de 2023 entregó las llaves de la propiedad al señor **GALARZA VEGA**.[35] Ante ello, tomamos conocimiento judicial de los mencionados escritos y la *Sentencia*.

En su recurso de *Certiorari Civil*, el señor **GALARZA VEGA** nos solicita que revisemos la *Resolución* emitida por el tribunal de instancia mediante la cual determinó que los servicios de acueductos y energía eléctrica de la propiedad en la que residía el menor D.J.G.G. junto a la señora **GONZÁLEZ TORRES**, debían permanecer a nombre del señor **GALARZA VEGA**.

Ante el hecho de que el señor **GALARZA VEGA** ostenta la custodia de su hijo menor de edad; el foro de instancia designó como hogar seguro la propiedad localizada en la Urbanización San Francisco I 80 San Miguel en Yauco, Puerto Rico; así como la señora **GONZÁLEZ TORRES** desalojo y entregó las llaves de la residencia ello, sin duda, ha tenido el efecto de tornar en académica la controversia interlocutoria planteada en el recurso de *Certiorari Civil*, aun cuando esta pudo haber sido justiciable en un inicio. Por ello, entendemos que los hechos medulares han cambiado, y el planteamiento o

---

[33] Véase entrada número 267 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[34] Véase entrada número 291 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[35] Véase entrada número 309 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

reclamación del señor **GALARZA VEGA** ha sido atendido o resuelto. Ante la ausencia de una controversia genuina entre las partes, entendemos que el recurso de *Certiorari Civil* se ha tornado *académico* y, en consecuencia, carecemos de jurisdicción para atender el mismo.

– **IV** –

Por los fundamentos expuestos, y en conformidad con la Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones, ***desestimamos,*** por ***academicidad,*** el recurso de *Certiorari Civil* incoado el 15 de marzo de 2023 por el señor **GALARZA VEGA**, y ordenamos el cierre y archivo del presente caso.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones